IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| NORDIC TITLE AGENCY INC., | ) |
| Plaintiff, | ) Case No. – CV ------ |
| v. | ) JUDGE |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NO. SUA FEO 1330-1504, | ) Civil action pending in the Franklin County Common Pleas Court, State of Ohio, Case No. 18CV-02-1373 |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants, Certain Underwriters at Lloyd's, London Subscribing to the Title Agents, Abstractors and Escrow Agents Professional Liability Insurance Policy, Policy No. SUA FEO 1330-1605 ("Defendants"), issued to Plaintiff Nordic Title Agency, Inc. ("Plaintiff" or "Nordic Title"), submit this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof state as follows:

## INTRODUCTION

1. This is an insurance coverage lawsuit. On or about February 14, 2018, Plaintiff filed a civil action (18CV-02-1373) against Defendants in the Franklin County Common Pleas Court, State of Ohio (the "State Court Action"). Plaintiff seeks coverage under a Title Agents, Abstractors and Escrow Agents Professional Liability Insurance Policy, Policy No. SUA FEO 1330-1605 (the "Policy"), for a lawsuit Ryan D. Kuhn ("Mr. Kuhn") filed against Plaintiff in the Franklin County Common Pleas Court, State of Ohio, under Case No. 17CV-00-6079 (the "Underlying Lawsuit"). Defendants deny that they owe a duty to defend or indemnify Plaintiff in connection with the Underlying Lawsuit.

2. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the State Court Action because: (1) there is complete diversity of citizenship between Plaintiff and Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As a result, the State Court Action is removable under 28 U.S.C. §§ 1332 and 1441(a).

3. This removal is timely in that it was filed within 30 days after service of a copy of the Complaint filed in the State Court Action was effected on Defendants, on February 23, 2018, which is the initial pleading setting forth Plaintiff's claim for relief upon which such action is based.

## DIVERSITY JURISDICTION

4. This action involves a controversy between a citizen of a State and citizens, or subjects of a foreign state.

5. Plaintiff is a corporation organized and existing under the laws of Ohio, with its principal place of business in Ohio.

6. The following Defendants subscribe to the Policy: Vibe Syndicate Management Limited; Markel Capital Limited; Canopius Managing Agents Limited; Hardy Underwriting Limited; and Hamilton Underwriting Limited. These entities are organized and incorporated outside the United States, with their principal places of business outside the United States. As such, there is complete diversity of citizenship between the Plaintiff and the Defendants.

7. Vibe Syndicate Management Limited is organized and incorporated under the laws of England, with its principal place of business in London, England.

8. Markel Syndicate Management Limited is organized and incorporated under the laws of England, with its principal place of business in London, England.

9. Canopius Managing Agents Limited is organized and incorporated under the laws of England and Wales, with its principal place of business in London, England.

10. Hardy (Underwriting Agencies) Limited is organized and incorporated under the laws of England and Wales, with its principal place of business in London, England.

11. Hamilton Underwriting Limited is organized and incorporated under the laws of England and Wales, with its principal place of business in London, England.

## AMOUNT IN CONTROVERSY

12. As to the monetary threshold in 28 U.S.C. § 1332(a), upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Here, the "primary dispute" is whether Defendants owe a duty to defend and indemnify Nordic Title in the Underlying Lawsuit. The Amended Complaint filed in the Underlying Lawsuit arises from Nordic Title's alleged misappropriation of Mr. Kuhn's name, education, reputation, and license to practice law, and deceitful forgery of Mr. Kuhn's name on "hundreds, if not thousands, of separate occasions for commercial profit." (Exh. A). The Underlying Lawsuit contains causes of action for Use of Persona for Commercial Purposes, Invasion of Privacy by Appropriation of Name or Likeness, Conversion, and Fraud. Mr. Kuhn claims compensatory damages in excess of $25,000. In addition, Mr. Kuhn also seeks recovery of statutory damages, punitive damages, pre and post-judgment interest, and his attorneys' fees, costs, and expenses in bringing the Underlying Lawsuit.

14. Specifically, in relation to his Use of Persona for Commercial Purposes claim, Mr. Kuhn seeks statutory damages under O.R.C. § 2741.02 in the amount of "at least $2,500 and not more than $10,000 per instance" of Nordic Title allegedly submitting for recording a deed or other instrument bearing Mr. Kuhn's name, even though Nordic Title did not ask Mr. Kuhn to perform any work on the deeds or instruments. Mr. Kuhn specifically identifies twelve such instances where deeds or other instruments were recorded with the Franklin County Recorder's office, but further alleges that upon information and belief Nordic Title submitted for recording

"hundreds or possibly thousands" of deeds or other instruments bearing Mr. Kuhn's name, arguing each instance would constitute a separate violation of R.C. § 2741.02.

15. Nordic Title claims that Defendants have an obligation to pay its costs of defense in the Underlying Lawsuit, which Nordic Title claims already exceeds $20,000 as of the date of filing the State Court Action, as well as indemnify it in connection with the Underlying Lawsuit for any and all damages that may be awarded against Nordic Title. Thus, the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a).[1]

## COMPLIANCE WITH PROCEDURAL PRE-REQUISITES TO REMOVAL

16. Venue is proper in the United States District Court for the Southern District of Ohio under 28 U.S.C. § 1391(a)(3), because Defendants are subject to personal jurisdiction in this district with respect to this action and the case is being removed from the Franklin County Common Pleas Court, State of Ohio. *See* 28 U.S.C. § 1446(a). Venue also appears to be proper under 28 U.S.C. § 1391(a)(2), because a substantial part of the alleged events or omissions giving rise to the claim may have occurred in this district.

17. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendants attach hereto and incorporate by reference a copy of the summons, pleadings and orders served upon them in the State Court Action. (Exh. B).

18. Written notice of the filing of this Notice of Removal has been given to the Plaintiff as required by law. A copy of this Notice of Removal is also being filed concurrently with the Franklin County Common Pleas Court, State of Ohio.

---

[1] The Supreme Court has stated the following: "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). Defendants' Notice of Removal includes facts about the amount in controversy that more than satisfy that standard. *See* 28 U.S.C. § 1446(c)(2)(A) ("the notice of removal may assert the amount in controversy if the initial pleading seeks non-monetary relief; . . . .").

{00179030-1}　　　　　　　　　　　　　　　　4

WHEREFORE, Defendants respectfully request that the State Court Action be removed to this Court, that this Court accept jurisdiction of this action, and that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Dated:  March 21, 2018	Respectfully Submitted,

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NO. SUA FEO 1330-1504,

SIKORA LAW LLC

/s/ Richard T. Craven
Michael J. Sikora III (0069512)
Richard Craven (0082273)
175 S. Third St., Suite 870
Columbus, OH 43215
Ph.   614-444-7774
Fax  614-444-7775
rcraven@sikoralaw.com
Trial Attorney for Defendants

David L. Koury
Adrian T. Rohrer
BATESCAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
Ph.   312-762-3100
Fax  312-762-3200
dkoury@batescarey.com
arohrer@batescarey.com
Co-counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of March, 2018, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Jack D'Aurora jdaurora@behalllaw.com

And via regular mail and electronic mail to:

- Jack D'Aurora
  501 South High Street
  Columbus, Ohio 43215
  jdaurora@behalllaw.com

/s/ Richard T. Craven
Richard Craven (0082273)
*Trial Attorney for Defendants*

1913459