0D875 - E41
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV006079
Case: 2:18-cv-00235-JLG-CMV Doc #: 1-1 Filed: 03/21/18 Page: 1 of 19 PAGEID #: 7

# EXHIBIT A

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| RYAN D. KUHN,<br>1352 Glenn Avenue<br>Grandview Heights, OH  43212,<br><br>    Plaintiff,<br><br>    v.<br><br>NORDIC TITLE AGENCY INC.,<br>c/o registered agent Dwane Hall<br>2679 Tally Ho Drive<br>Blacklick, OH  43004,<br><br>NORDIC TITLE AGENCY, LLC,<br>c/o registered agent Dwane Hall<br>2679 Tally Ho Lane<br>Blacklick, OH  43004,<br><br>CHICAGO TITLE INSURANCE COMPANY,<br>601 Riverside Avenue<br>Jacksonville, FL  32204,<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br>601 Riverside Avenue<br>Jacksonville, FL  32204,<br><br>WESTCOR LAND TITLE INSURANCE COMPANY,<br>875 Concourse Parkway South, Suite 200<br>Maitland, FL  32751,<br><br>DWANE HALL,<br>2679 Tally Ho Drive<br>Blacklick, OH  43004,<br><br>and<br><br>NORDIC DOES 1-20.<br><br>    Defendants. | Case No. 17CV006079<br><br>Judge Michael Holbrook<br><br>JURY DEMAND ENDORSED HEREON |

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV009679
0D875 - E42
Case: 2:18-cv-00235-JLG-CMV Doc #: 1-1 Filed: 03/21/18 Page: 2 of 19 PAGEID #: 8

# FIRST AMENDED COMPLAINT

Plaintiff Ryan D. Kuhn, in his First Amended Complaint ("Complaint") against Defendants Nordic Title Agency Inc., Nordic Title Agency, LLC (together "Nordic"), Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Westcor Land Title Insurance Company (together the "Title Insurers"), Dwane Hall, and Nordic Does 1-20, hereby alleges as follows. Each individual section, subsection, and Count within this Complaint alleges and incorporates by reference as if restated therein, all other numbered paragraphs within this Complaint.

## INTRODUCTION

1. The Title Insurers underwrite title insurance policies that are issued by licensed and authorized agents.

2. Nordic is a licensed and authorized agent of the Title Insurers. As an authorized and licensed agent, Nordic conducts title searches, prepares closing statements, issues policies of insurance, and facilitates transfers of property on behalf of its principals, the Title Insurers.

3. From 2009 through present, Nordic has conducted thousands of searches, prepared thousands of statements, and issued thousands of policies of insurance on behalf of its principals, the Title Insurers. During such period, thousands of legal documents were prepared and recorded in order to effectuate transfers of title.

4. In Ohio, the practice of conveying real property on another's behalf is limited to those licensed to practice law within the state.

5. From 2009 through present, hundreds, if not thousands, of legal documents prepared by Nordic and recorded in the various county recorders' offices throughout the state reflect this statement: "This instrument was prepared by: Ryan D. Kuhn, attorney at law." With limited exceptions, this statement is false.

2

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV006079
0D875 - E43
Case: 2:18-cv-00235-JLG-CMV Doc #: 1-1 Filed: 03/21/18 Page: 3 of 19 PAGEID #: 9

6. From 2009 through present, Defendants have misappropriated Ryan D. Kuhn's ("Mr. Kuhn") name, education, reputation, and license to practice law and deceitfully forged his name on hundreds, if not thousands, of separate occasions for commercial profit.

7. In July 2016, Mr. Kuhn uncovered the unauthorized use. Since such time, Mr. Kuhn has done everything he can to protect and restore his good name and reputation and to limit the personal and business exposure directly stemming from Defendants' actions.

8. Defendants' actions directly and proximately caused damage to Mr. Kuhn. In addition to lost opportunity for profit, Mr. Kuhn has suffered economic loss directly tied to his attempts to mitigate damage and limit personal and business liability and exposure. Mr. Kuhn also faces uncertain future liability as a result of thousands of legal instruments prepared by Defendants, who were not qualified or educated to perform such services. Furthermore, Mr. Kuhn has suffered emotional distress directly related to the misuse of his persona and the risk to his reputation and career.

9. This lawsuit is a necessary part of Mr. Kuhn's efforts to protect and restore his good name and reputation and to limit the personal and business exposure.

## PARTIES

10. Plaintiff Ryan D. Kuhn resides at 1352 Glenn Avenue in the city of Grandview Heights, county of Franklin, and state of Ohio. Mr. Kuhn's residence and domicile has been within the state of Ohio during all relevant times plead herein. Mr. Kuhn is an attorney who has been licensed to practice law within the state of Ohio since 2005. Mr. Kuhn is a board-certified family-law specialist whose license and reputation have been carefully maintained, for more than a decade, without reproach.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV006079
0D875 - E44
Case: 2:18-cv-00255-SLG-CMV Doc #: 1-1 Filed: 03/23/18 Page: 4 of 19 PAGEID #: 10

11. Defendants Nordic Title Agency Inc. and Nordic Title Agency, LLC (collectively, "Nordic") are title agencies whose principal places of business are located at 760 Morrison Road, Suite C, in the city of Columbus, county of Franklin, and state of Ohio.

12. Defendants Chicago Title Insurance Company and Commonwealth Land Title Insurance Company are foreign, for-profit corporations and title insurance companies whose principal places of business are located at 601 Riverside Avenue, Jacksonville, Florida 32204.

13. Defendant Westcor Land Title Insurance Company is a foreign, for-profit corporation and title insurance company whose principal place of business is located at 875 Concourse Parkway South, Suite 200, Maitland, Florida 32751.

14. The Title Insurers possess licenses to transact the business of title insurance within the state of Ohio, and Nordic is a licensed agent in Ohio for the Title Insurers. The Title Insurers and Nordic have a principal–agent relationship, and the Title Insurers are liable for all of Nordic's conduct alleged herein. The Title Insurers are also liable to Mr. Kuhn for their own negligent supervision of Nordic.

15. Defendant Dwane Hall resides at 2679 Tally Ho Drive, in the city of Blacklick, county of Franklin, and state of Ohio. Mr. Hall is the sole owner of Nordic.

16. Defendants Nordic Does 1-20 are individuals or entities associated with the named Defendants who have participated in the conduct of named Defendants and who are liable for the damages sustained by Mr. Kuhn. The identities of Nordic Does 1-20 are currently unknown.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this action pursuant to R.C. §§ 2305.01, 2305.09, and 2741.02, 2727.02, and 4705.01, among other sections.

4

18. Venue in this Court is proper under Ohio Civ. R. 3(B)(1), (2), (3), and (6), as Franklin County is the county in which Defendants reside, in which Defendants have their principal place of business, in which Defendants conducted activity that gave rise to the claims for relief, and in which all or part of the claims for relief arose.

## FACTUAL ALLEGATIONS

19. In or around 2008, Mr. Kuhn began providing legal services to Nordic. This legal work involved the preparation and review of proposed deeds, affidavits, and other legal documents for upcoming real estate transactions.

20. Periodically, Nordic sent Mr. Kuhn email requests for assistance in the preparation of legal instruments ("Legal Work Requests"). Each Legal Work Request included a proposed instrument and was accompanied by any prior instruments or other documents (e.g., trusts or power of attorneys) necessary to ensure a clear and proper transfer of title.

21. For each Legal Work Request, Mr. Kuhn reviewed the proposed instruments, corrected any errors, appended any missing language, and otherwise determined whether the instrument would suffice to effectively transfer title if title was otherwise clear.

22. Following review and markup, Mr. Kuhn returned each instrument as either approved or rejected. If he approved the instrument, Mr. Kuhn would stamp the instrument with a custom stamp bearing his firm's logo and stating, "Ryan D. Kuhn, document approved as prepared." If he rejected the instrument, Mr. Kuhn would issue to Nordic a return letter, via email, a notated deed, and notes detailing any additions or corrections required.

23. For his services, Mr. Kuhn charged $50 per instrument, invoiced monthly.

24. Nordic paid Mr. Kuhn's invoices by business check.

25. From 2008 through 2016, Nordic generally sent fewer Legal Work Requests to Mr. Kuhn each year.

5

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV006079
0D875 - E46
Case: 2:18-cv-00255-SLG-CMV Doc #: 1-1 Filed: 03/21/18 Page: 6 of 19 PAGEID #: 12

26. In or around 2013, Mr. Kuhn received a call from the Franklin County, Ohio, Auditor's office noting an error on a deed. The deed stated that it was prepared by Mr. Kuhn, but Mr. Kuhn had not worked on the deed.

27. Mr. Kuhn requested that both the Auditor and Recorder search their files for all instruments submitted by "Nordic Title" or which reflected the name of "Ryan D. Kuhn." Both the Auditor and Recorder stated that such a search was not possible. Mr. Kuhn called Defendant Dwane Hall, the owner of Nordic, and asked why the deed bore Mr. Kuhn's name despite the fact that Mr. Kuhn had not worked on the deed.

28. Mr. Hall responded that the grantor on the erroneous deed was an associate of Nordic and that associate merely grabbed a former deed from Nordic's files (which bore Mr. Kuhn's name) in order to create a new deed to privately transfer the associate's own property interest.

29. Mr. Hall reported that Nordic itself did not have any part in that transaction, that Nordic had never used Mr. Kuhn's name on any transaction other than those that Mr. Kuhn worked on, and that Nordic would notify the associate to amend the deed to remove Mr. Kuhn's name.

30. Mr. Hall falsely assured Mr. Kuhn that this was a unique situation, and that other such deeds, bearing Mr. Kuhn's name despite Mr. Kuhn having not worked on them, did not exist.

31. Mr. Hall falsely stated that Nordic would never put Mr. Kuhn's name on a document that Nordic did not submit to Mr. Kuhn for his review.

6

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV006079
0D875 - E47
Case: 2:18-cv-00255-␣␣␣-␣␣␣ Doc #: 1-1 Filed: 03/21/18 Page: 7 of 19 PAGEID #: 13

32.    Mr. Kuhn relied upon Mr. Hall's representations above in continuing to perform services for Nordic on future transactions. Mr. Kuhn also relied on the statement by temporarily discontinuing his search for additional deeds fraudulently bearing his name.

33.    In or around early 2015, Mr. Hall asked Mr. Kuhn to assume responsibility for issuing "attorney's title opinions" for each transaction. After researching the depth of work required to ensure a clear chain of title and the general liability associated with such opinion letters, Mr. Kuhn declined Mr. Hall's request. In response, Mr. Hall indicated that he would find separate counsel.

34.    Following Mr. Kuhn's refusal, nearly all Legal Work Requests ceased. For example, from January 1, 2016 through July 7, 2016, Nordic issued only two Legal Work Requests to Mr. Kuhn. Mr. Kuhn believed that Nordic had begun issuing the Legal Work Requests to another attorney willing to issue title opinions.

35.    On or about July 7, 2016, Mr. Kuhn's office received a call from the Morrow County, Ohio, Engineer's Office. The Engineer's Office stated that a deed bearing Mr. Kuhn's name was submitted for recording but contained errors.

36.    Unable to find any record of the transaction or instrument within his firm's records, Mr. Kuhn returned a call to the Engineer to request additional information. The Engineer's Office noted that the deed was notarized by "Dwane Hall."

37.    Following the call from the Engineer's Office, Mr. Kuhn contacted Erica Gerhart, an administrative assistant at Nordic, and requested that Ms. Gerhart email to Mr. Kuhn a list of all instruments reflecting Mr. Kuhn's name. Ms. Gerhart did as requested. The list reflected more than six hundred documents prepared over the course of the previous eighteen months.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV006079
0D875 - E48
Case: 2:18-cv-00255-SLG-CMV Doc #: 1-1 Filed: 03/23/18 Page: 8 of 19 PAGEID #: 14

38. Over the following days, Mr. Kuhn's assistant searched the Franklin County, Ohio, Recorder's Office website for the transactions reflected on the list that Ms. Gerhart provided. In short time, twelve separate legal instruments were discovered bearing the following language: "This instrument was prepared by: Ryan D. Kuhn, Attorney at Law." The legal instruments had not been presented to Mr. Kuhn via any Legal Work Request, the legal instruments had not been prepared or reviewed by Mr. Kuhn, and the legal instruments had not been approved by Mr. Kuhn. With respect to those twelve legal instruments discovered (a mere sample of those believed to be at issue), Mr. Kuhn was neither consulted nor compensated.

39. Each of the twelve deeds was presented to the office of the Franklin County Auditor and recorded with the office of the Franklin County Recorder without Mr. Kuhn's knowledge or consent.

40. Upon information and belief, on the settlement statement accompanying each unauthorized instrument, Nordic billed for "Attorney's Fees," attributable to Mr. Kuhn, for legal documents prepared without Mr. Kuhn's knowledge, assistance, or consent.

41. Upon information and belief, Nordic and/or Hall personally collected the "Attorney's Fees," attributable to instruments prepared without Mr. Kuhn's knowledge, assistance, or consent.

42. Upon information and belief, these "Attorney's Fees" were inappropriately paid via check issued *by* Nordic (as payor) *to* Nordic (as payee).

43. Upon information and belief, given these twelve deeds recorded in a single county's recorder's office in less than two months' time, Nordic has submitted for recording hundreds, and possibly thousands, of deeds bearing Mr. Kuhn's name that Mr. Kuhn has no knowledge of and had no role in reviewing or preparing.

8

0D875 - E49
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV006079
Case: 2:18-cv-00255-SLG-CMV Doc #: 1-1 Filed: 03/21/18 Page: 9 of 19 PAGEID #: 15

44. Upon information and belief, employees of Nordic, including Mr. Hall but also including other non-owner employees named herein as Nordic Does, engaged in fraudulent acts related to the misappropriation of Mr. Kuhn's name, as described above.

45. Following discovery of the unauthorized misappropriation and use of his name, Mr. Kuhn immediately sought to contain the fallout and to limit his personal and business exposure and liability.

46. On or about July 22, 2016, Mr. Kuhn notified the Ohio Supreme Court's Board on the Unauthorized Practice of Law of the misappropriation.

47. On or about July 22, 2016, Mr. Kuhn notified the Ohio State Bar Association's Unauthorized Practice of Law Committee of the misappropriation.

48. In more than a decade, Mr. Kuhn had never had to notify his malpractice carrier of the potential for any possible claim. As a result of the misappropriation, on or about July 22, 2016, Mr. Kuhn notified his carrier, the Ohio Bar Liability Insurance Company, of the potential for hundreds, if not thousands, of claims.

49. On or about July 22, 2016, Mr. Kuhn notified Mr. Hall, in writing, that he would no longer provide legal advice, services, or representation to Nordic.

50. On or about July 25, 2016, Jennifer Ringhiser, Operations Manager and Vice President of Nordic, replied: "Why are you terminating our relationship? We haven't sent deeds for approval in a while but would still like to continue our relationship. Things have been slow here but we still [sic] attorney services from time to time. I look forward to hearing back from you!"

9

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV009079
0D875 - E50
Case: 2:18-cv-00255-JLG-CMV Doc #: 1-1 Filed: 03/21/18 Page: 10 of 19 PAGEID #: 16

51.	In Ohio, the practice of conveying real property on another's behalf, through the preparation of deeds, affidavits, and other documents, is limited to those licensed to practice law within the state.

52.	"No person shall be permitted to practice as an attorney and counselor at law . . . either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court . . . ." R.C. § 4705.01.

53.	The right to practice law is a "special privilege in the nature of a franchise" which may be protected from invasion. *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio. St. 23 (1934).

54.	Nordic has engaged in the unauthorized practice of law.

55.	Nordic has misappropriated Mr. Kuhn's name, education, and reputation; and unlawfully invaded Mr. Kuhn's nontransferable license to practice law.

56.	Nordic's actions have produced, and will continue to produce, great and irreparable injury to Mr. Kuhn.

57.	Preliminary and permanent injunctive relief precluding Defendants from continuing to misappropriate Mr. Kuhn's name, education, and reputation is consistent with the public interest and will not harm Defendants or other parties.

58.	Each Title Insurer is responsible for the acts of Nordic, its agent. The conduct of Nordic, Mr. Hall, and the Nordic Does was done in execution of the business of the Title Insurers, the principals in the principal–agent relationship between each Title Insurer and Nordic.

59.	Moreover, the Title Insurers have utterly failed to monitor and/or supervise their agent, Nordic, causing this unauthorized use of Mr. Kuhn's name to continue as long as it has.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV009079
0D875 - E51
Case: 2:18-cv-00255-JLG-CMV Doc #: 1-1 Filed: 03/23/18 Page: 11 of 19 PAGEID #: 17

60.  Basic efforts by the Title Insurers to monitor their title agent would have uncovered Nordic's actions described herein. For example, the Title Insurers easily could have sampled Nordic transactions and, for selected transactions, examined attorney payment records or simply contacted the attorney listed on the deed to ensure that attorneys to whom deeds were attributed actually performed work on the deeds.

61.  Instead, the Title Insurers turned a blind eye to the question of whether attorneys listed on Nordic deeds were actually performing work on the deeds.

62.  At all relevant times, Mr. Hall controlled Nordic to such a degree that Nordic had no separate mind, will, or existence of its own.

63.  Mr. Hall used his control over Nordic to commit fraud and other illegal acts against Mr. Kuhn.

64.  Such fraud and other illegal acts caused Mr. Kuhn injury and unjust loss, as detailed below.

## COUNT I: USE OF PERSONA FOR COMMERCIAL PURPOSES
## (AGAINST ALL DEFENDANTS)

65.  Mr. Kuhn alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though realleged in this Count.

66.  As more fully explained above and herein, Defendants used Mr. Kuhn's persona for a commercial purpose during Mr. Kuhn's lifetime and without Mr. Kuhn's consent, written or otherwise, in violation of R.C. § 2741.02.

67.  Mr. Kuhn's residence and domicile was within the state of Ohio during all relevant times.

68.  On June 10, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201606100073032) that Nordic submitted for recording. The deed bears

11

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV009079
0D875 - E52
Case: 2:18-cv-00255-JLG-CMV Doc #: 1-1 Filed: 03/21/18 Page: 12 of 19 PAGEID #: 18

Mr. Kuhn's name, but no Request for Legal Work was tendered, Nordic did not otherwise ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

69. On June 20, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201606200078358) that Nordic submitted for recording. The deed bears Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

70. On June 20, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201606200078362) that Nordic submitted for recording. The deed bears Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

71. On June 20, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201606200078364) that Nordic submitted for recording. The deed bears Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

72. On June 20, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201606200078368) that Nordic submitted for recording. The deed bears Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

73. On June 30, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201606300084532) that Nordic submitted for recording. The deed bears Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV006079
0D875 - E53
Case: 2:18-cv-00255-JLG-CMV Doc #: 1-1 Filed: 03/23/18 Page: 13 of 19 PAGEID #: 19

74.	On June 30, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201606300084535) that Nordic submitted for recording. The deed bears Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

75.	On July 1, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201607010085032) that Nordic submitted for recording. The deed bears Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

76.	On July 1, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201607080087598) that Nordic submitted for recording. The deed bears Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

77.	On July 8, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201607080087594) that Nordic submitted for recording. The deed bears Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

78.	On July 8, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201607080087596) that Nordic submitted for recording. The deed bears Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

79.	On July 8, 2016, the Franklin County Recorder's office recorded a deed (Instrument Number 201607080087598) that Nordic submitted for recording. The deed bears

Mr. Kuhn's name, but Nordic did not ask Mr. Kuhn to perform any work on the deed, Mr. Kuhn did not perform any such work, and Nordic did not pay Mr. Kuhn for any such work.

80. Upon information and belief, Nordic submitted for recording hundreds or possibly thousands of deeds or other instruments bearing Mr. Kuhn's name, even though Nordic did not ask Mr. Kuhn to perform any work on the deeds or instruments, Mr. Kuhn did not perform any such work on the deeds or instruments, and Nordic did not pay Mr. Kuhn for any work on the deeds or instruments.

81. In each of these instances, Defendants falsely represented to buyers and sellers of real estate that Mr. Kuhn, a licensed attorney, had prepared the legal instruments reflecting his name.

82. In each of these instances, Defendants unjustifiably retained funds collected and earmarked for legal work performed by a licensed attorney.

83. In each of these instances, Defendants used Mr. Kuhn's persona for a commercial purpose, using Mr. Kuhn's persona in connection with services and commercial activities. Among other things, Defendants used Mr. Kuhn's persona to facilitate real estate transactions (resulting in profit to Defendants) by falsely representing to buyers and sellers of real estate that Mr. Kuhn, an attorney, had prepared the deed referenced in this Count.

84. Mr. Kuhn has been damaged by Defendants' actions. Among other things, Mr. Kuhn's reputation has suffered, Mr. Kuhn has suffered economic loss in his attempt to mitigate the damage caused by Defendants' actions, and Mr. Kuhn has suffered emotional distress as a result of Defendants' actions.

85. Each separate instance described above (and each separate instance of similar conduct) constitutes a separate violation of R.C. § 2741.02. For each separate violation, Mr.

14

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV006079
0D875 - E55
Case: 2:18-cv-00255-JLG-CMV Doc #: 1-1 Filed: 03/21/18 Page: 15 of 19 PAGEID #: 21

Kuhn is entitled to recover his actual damages or, at Mr. Kuhn's election, statutory damages in the amount of at least $2,500 and not more than $10,000 per instance.

## COUNT II: INVASION OF PRIVACY BY APPROPRIATION OF NAME OR LIKENESS (AGAINST ALL DEFENDANTS)

86. Mr. Kuhn alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though realleged in this Count.

87. Defendants violated Mr. Kuhn's right of privacy by appropriating Mr. Kuhn's name, reputation, commercial standing, and status as a licensed attorney.

88. Defendants' appropriation of Mr. Kuhn's name, reputation, commercial standing, and status as a licensed attorney was not authorized or justified.

89. Defendants' appropriation of Mr. Kuhn's name, reputation, commercial standing, and status as a licensed attorney was for the use and benefit of Defendants.

90. Defendants appropriated Mr. Kuhn's name, reputation, commercial standing, and status as a licensed attorney for the purposes of obtaining for themselves the values and benefits of Mr. Kuhn's name, reputation, commercial standing, and status as a licensed attorney.

91. Defendants' conduct proximately caused damage to Mr. Kuhn as described above.

## COUNT III: CONVERSION (AGAINST ALL DEFENDANTS)

92. Mr. Kuhn alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though realleged in this Count.

93. Mr. Kuhn has a protectable and identifiable property right in his name and reputation, and Mr. Kuhn was entitled to the immediate possession thereof.

94. Each time Defendants used Mr. Kuhn's name without authorization on any document, Defendants, wrongfully and without authorization, exercised dominion over Mr. Kuhn's property inconsistent with Mr. Kuhn's right of possession of the property.

15

95. Defendants' conduct proximately caused damage to Mr. Kuhn as described above.

## COUNT IV: FRAUD (AGAINST NORDIC AND MR. HALL)

96. Mr. Kuhn alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though realleged in this Count.

97. As detailed above, in or around 2013, Mr. Hall falsely assured Mr. Kuhn that an instrument bearing Mr. Kuhn's name but on which Mr. Kuhn had not worked was a unique situation, and other such deeds, bearing Mr. Kuhn's name despite Mr. Kuhn having not worked on them, did not exist.

98. Mr. Hall falsely stated that Nordic would never put Mr. Kuhn's name on a document that Nordic did not submit to Mr. Kuhn for his review.

99. Upon information and belief, these statements were intentionally false, as in fact, Mr. Hall knew that Nordic was using Mr. Kuhn's name on hundreds or possibly thousands of deeds, without Mr. Kuhn's knowledge or authorization, and despite the fact that Mr. Kuhn had never worked on the deeds.

100. Upon information and belief, Mr. Hall made this false statement with the intent of misleading Mr. Kuhn into relying upon it.

101. Mr. Hall's false statement was material. Mr. Kuhn relied on the statement and continued to provide services to Nordic instead of cutting off ties to Nordic as he subsequently did in July 2016 when he discovered the misappropriation. Mr. Kuhn also relied on the statement by temporarily discontinuing his search for additional deeds fraudulently bearing his name.

102. Defendants' conduct was willful and wanton, and Defendants acted with malice and conscious disregard for the rights of others.

16

103. Defendants' conduct directly and proximately caused injury to Mr. Kuhn as described above.

## COUNT V: NEGLIGENCE (AGAINST THE TITLE INSURERS)

104. Mr. Kuhn alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though realleged in this Count.

105. Each Title Insurer entered into a principal–agent relationship with Nordic.

106. The Title Insurers owed a duty to Mr. Kuhn, who was in a contractual relationship with Nordic, the Title Insurers' agent, to exercise reasonable care in supervising Nordic in order to prevent injury to Mr. Kuhn.

107. The Title Insurers negligently failed to take steps to supervise Nordic in ways that would have prevented Nordic's actions described above.

108. The Title Insurers negligently failed to train, retain, supervise, and/or otherwise control their agent, Nordic.

109. The Title Insurers negligently failed to prudently perform reasonable audits and/or reconciliations of Nordic's accounts.

110. The Title Insurers negligently failed to ensure that Nordic offered closing protection coverage, as required by law.

111. The Title Insurers should have foreseen that a likely result of their negligence would be Nordic's false representations that Mr. Kuhn was performing work on deeds without asking Mr. Kuhn to perform that work or paying Mr. Kuhn for that work.

112. The Title Insurers' negligence directly and proximately caused injury to Mr. Kuhn, as described above.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Oct 26 1:08 PM-17CV009079
0D875 - E58
Case: 2:18-cv-00255-JLG-CMV Doc #: 1-1 Filed: 03/21/18 Page: 18 of 19 PAGEID #: 24

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ryan D. Kuhn respectfully demands a trial by jury and judgment as follows:

 a. An award of compensatory damages in excess of $25,000;

 b. An award of statutory, punitive, exemplary, and other legal damages as permitted under Ohio law;

 c. An award of pre-judgment and post-judgment interest;

 d. An award of attorneys' fees, costs, and expenses;

 e. Preliminary and permanent injunctive relief precluding Defendants from misappropriating Mr. Kuhn's name, education, reputation, and/or other attributes; and

 f. A grant of such other further relief as the Court deems just and proper.

Date: October 26, 2017

Respectfully submitted,

/s/ Erik J. Clark
Shawn J. Organ (0042052)
Erik J. Clark (0078732)
Michelle Pfefferle (0081642)
Carrie M. Lymanstall (0084393)
**ORGAN COLE LLP**
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (f)
sjorgan@organcole.com
ejclark@organcole.com
mpfefferle@organcole.com
cmlymanstall@organcole.com

*Attorneys for Plaintiff Ryan D. Kuhn*

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

/s/ Erik J. Clark
Erik J. Clark

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, October 26, 2017, a true and accurate copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's ECF system to counsel for all parties indicated on the electronic filing receipt. New parties to the litigation will be served pursuant to Ohio Civ.R. 4.1(A).

<u>/s/ Erik J. Clark</u>
*One of the attorneys for Plaintiff*
*Ryan D. Kuhn*