IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

NORDIC TITLE AGENCY, INC. :
760 Morrison Road, Suite C
Gahanna, OH 43230, :

      Plaintiff, :

vs.

      : JURY DEMAND ENDORSED

UNDERWRITERS AT
LLOYD'S, LONDON, SUBSCRIBING :
TO POLICY NO. SUA FEO1330-1605
c/o David L. Koury
BatesCarey LLP :
191 North Wacker, suite 2400
Chicago, IL 60606, :

      Defendant. :

## COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT AND BAD FAITH

Plaintiff Nordic Title Agency, Inc., alleges as follows:

1. Plaintiff Nordic Title is an Ohio corporation, engaged in the title agency business.

2. Nordic Title entered into a contract with defendant Underwriters at Lloyd's, London, Subscribing to Policy No. SUA FEO1330-1605, for insurance coverage for errors and omissions that might occur in Nordic Title's title agency business. The dates of coverage for the Lloyd's policy, a true and correct copy of which is attached as Exhibit 1 and incorporated by reference, are Oct. 19, 2016, through Oct. 16, 2017.

3. On July 7, 2017, Ryan D. Kuhn filed an action in the Franklin County Court of Common Pleas against Nordic Title (case no. 17CV006079).

Case: 2:18-cv-00235-JLG-CMV Doc #: 2 Filed: 03/22/18 Page: 2 of 4 PAGEID #: 81
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Feb 14 3:33 PM-18CV001373
0E017 - F46

4. Nordic Title tendered its defense to Lloyd's on or about July 14, 2017.

5. Lloyd's attorneys communicated on July 25, 2017, that an analysis would have to be undertaken to determine if the claims were covered.

6. In a letter of Dec. 11, 2017, a true and correct copy of which is attached as Exhibit 2 and incorporated by reference, Lloyd's attorneys communicated that Lloyd's had denied coverage.

7. In a letter of Dec. 19, 2017, a true and correct copy of which is attached as Exhibit 3 and incorporated by reference, counsel for Nordic Title communicated to Lloyd's attorneys why Lloyd's was obligated to provide coverage.

8. In a letter of Feb. 8, 2018, a true and correct copy of which is attached as Exhibit 4 and incorporated by reference, Lloyd's attorneys communicated that Lloyd's was not changing its position and continued to deny coverage.

FIRST CAUSE OF ACTION
(Declaratory Judgment)

9. Nordic Title incorporates by reference the preceding allegations.

10. A dispute exists between the parties as to whether the insurance policy at issue provides a duty to defend and a duty to indemnify concerning the claims made by Mr. Kuhn.

11. It is only through a declaratory judgment that the dispute concerning insurance coverage can be resolved.

12. Based on the language set forth in the policy, this court should issue a judgment declaring that Lloyd's is obligated to both defend against Mr. Kuhn's claims and to indemnify Nordic Title for any damages awarded against Nordic Title.

Case: 2:18-cv-00235-JLG-CMV Doc #: 2 Filed: 03/22/18 Page: 3 of 4 PAGEID #: 82
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Feb 14 3:33 PM-18CV001373
0E017 - F47

## SECOND CAUSE OF ACTION
### (Breach of Contract)

13. Nordic Title incorporates by reference the preceding allegations.

14. Because of Lloyd's failure to defend, Nordic Title has incurred damages in the form of defense costs that exceed $20,000 and will continue to incur such damages.

15. Based on Lloyd's breach of contract, Nordic Title is entitled to recover defense costs incurred and those that will be incurred in the *Kuhn* action, as well as whatever damages may be awarded against Nordic Title.

## THIRD CAUSE OF ACTION
### (Bad Faith)

16. Nordic Title incorporates by reference the preceding allegations.

17. Lloyd's has demonstrated bad faith in handling Nordic Title's claim in that Lloyd's decision concerning coverage is not predicated upon circumstances that furnish reasonable justification.

18. Lloyd's bad faith has proximately caused Nordic Title to incur damages and is malicious in that Lloyd's has purposefully acted with a complete disregard for the rights of Nordic Title and to further its own interests at Nordic Title's expense.

19. Based on Lloyd's conduct, Nordic Title is entitled to punitive damages and reasonable attorney fees, in amounts to be proven at trial.

WHEREFORE, Nordic Title prays for judgment as follows:

A. A judicial declaration that the Lloyd's policy obligates Lloyd's to defend and indemnify Nordic Title concerning the allegations in the *Kuhn* action.

B. Compensatory damages, that is, defense costs Nordic Title has incurred in the *Kuhn* action, in an amount to be proven at trial;

C. Punitive damages in an amount to be proven at trial;

D. Reasonable attorney fees incurred in prosecuting this action, in an amount to be proven at trial;

E. Recovery of costs incurred; and

F. Such other and further relief as the court deems just and proper.

*/s/ Jack D'Aurora*
Jack D'Aurora (0056020)
The Behal Law Group LLC
501 S. High Street
Columbus, OH 43215
Ph: 614/643-2109
jdaurora@behallaw.com
Attorneys for plaintiff Nordic Title Agency, Inc.

## JURY DEMAND

Pursuant to Civ.R. 38, Nordic Title requests a trial by jury.

*/s/ Jack D'Aurora*
Jack D'Aurora (0056020)

4